UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Antoine Maurice Moore,                              Case No. 3:22-cv-289

         Plaintiff

     v.                                                MEMORANDUM OPINION
                                                          AND ORDER

Toledo Police Department, et al.

         Defendants

## I. INTRODUCTION

*Pro se* plaintiff Antoine Maurice Moore filed this *in forma pauperis* action against the Toledo Police Department, Detective M. Kozlaker, Officer K. Sanders, and Officer S. Bates. For the reasons stated below, I am dismissing the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. BACKROUND

Plaintiff appears to be challenging the adequacy of the police investigation and the indictment that was purportedly based on false reports presented to the grand jury, both of which led to his conviction in the Lucas County Court of Common Pleas. Plaintiff alleges that Officers Sanders and Bates did not have reasonable suspicion that Plaintiff violated the law when the officers stopped him, and the officers lacked probable cause to "stop and frisk" Plaintiff. (Doc. No. 8 at 5). Plaintiff claims the officers' conduct violated his Fourth Amendment rights.

Plaintiff further alleges that Detective Kozlaker fabricated reports that he presented to the grand jury, which he claims is a violation of his Fourteenth Amendment rights to due process. (*Id.*) Plaintiff indicates that he has appealed his conviction to the Sixth District Court of Appeals and that his appeal is still pending. (*Id.* at 2, 5).

Plaintiff seeks injunctive and declaratory relief.

### III. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

Further explaining the plausibility requirement, the Supreme Court stated that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

Defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197 (6th Cir. 1996)). The Court is not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

## IV. ANALYSIS

As an initial matter, Plaintiff cannot bring claims against the Toledo Police Department. The police department is not *sui juris*, meaning it is not a legal entity under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *see also Hill v. City of Toledo*, No. 3:20-cv-00493, 2020 U.S. Dist. LEXIS 212647, at * 10 (N.D. Ohio Nov. 13, 2020) (finding the Toledo Police Department is not *sui juris*). Consequently, Plaintiff's claims against the Toledo Police Department fail as a matter of law.

Even if the claims against the Toledo Police Department could be liberally construed as asserted against the City of Toledo, the claims against this defendant would be dismissed. Local governments generally may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611(1978). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision

3

officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

Here, Plaintiff has not pleaded any facts suggesting a policy or custom of the City of Toledo that may have caused a constitutional deprivation. He therefore fails to state a plausible claim against the Toledo Police Department or the City of Toledo.

Furthermore, Plaintiff cannot assert claims in a civil rights action that collaterally attack or undermine his conviction. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

In *Heck*, the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or sentence, or other harm caused by actions whose alleged unlawfulness would render the conviction or any part of the sentence invalid, a plaintiff must first show that the underlying conviction has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. An individual may therefore not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Heck*, 512 U.S. at 486-87. The holding in *Heck* has been extended to actions seeking injunctive and declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Wilson v. Kinkela*, 145 F.3d 1335 [published in full-text format at 1998 U.S. App. LEXIS 9341], 1998 WL 246401, at *1 (6th Cir. 1998) (extending *Heck* to actions seeking declaratory and injunctive relief).

Here, Plaintiff directly challenges the investigation by the police, the validity of the detention and search, and the validity of the reports that formed the basis of the indictment. If any of these claims were found to have merit, it would call into question the validity of his conviction. And there is no suggestion in the complaint that Plaintiff's conviction has been set aside or his sentence has been invalidated in any of the ways articulated in *Heck*. Plaintiff's complaint therefore alleges no

4

cognizable civil rights claim and dismissal of his case is required on this ground alone. *Edwards*, 520 U.S. at 646; *Heck*, 512 U.S. at 486-87; *see also Stuart v. Lake W. Hosp.*, No. 1:22 CV 447, 2022 U.S. Dist. LEXIS 95081, at * 5 (N.D. Ohio May 26, 2022) (finding the plaintiff's claims that a warrantless search violated his Fourth and Fourteenth Amendment rights would call into question the validity of his conviction and therefore barred by *Heck*).

## V. CONCLUSION

For the reasons stated above, I am dismissing this action in its entirety under 28 U.S.C. § 1915(e)(2)(B).

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge